UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA CAMPANARO,

    Plaintiff,                      Civil Action No. 14-12876
                                       Honorable Laurie J. Michelson
v.                                  Magistrate Judge Elizabeth A. Stafford

COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART
PETITIONER'S APPLICATION FOR ATTORNEY'S FEES [ECF No. 22]**

**I. INTRODUCTION**

Matthew F. Taylor, counsel for Plaintiff Melissa Campanaro, petitions for an award for attorney's fees under the Social Security Act, 42 U.S.C. § 406(b). [ECF No. 22]. Petitioner requests $5,750.00 of the $20,750.25 that the Social Security Administration (SSA) withheld from Campanaro award of past-due benefits as potential attorney's fees; petitioner has requested the remaining $15,000.25 fee from the SSA for the work done at the agency level. [ECF No. 22, PageID.625]. The Commissioner responded to the petition by requesting a $3,468.75 reduction based on petitioner's failure to timely move for Equal Access to Justice Act (EAJA) fees. [ECF

No. 23]. The Court agrees and **RECOMMENDS** that the application for attorney's fees be **GRANTED IN PART**, resulting in an award of $2,281.25.

II. ANALYSIS

A.

In Social Security cases, attorney's fees may be awarded under Section 406(b) of the Social Security Act and the EAJA (28 U.S.C. § 2412(d)). *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 880 (6th Cir. 2016). A significant difference between attorney's fees awarded under Section 406(b) and under the EAJA is there source: "while fees awarded under 42 U.S.C. § 406(b) are deducted from a claimant's award of past-due Social Security benefits, the United States must pay fees awarded under the EAJA out of government funds." *Id.* at 881.

The EAJA generally increases a successful Social Security claimant's portion of past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). That is because "[f]ee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.'" *Id.* (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186); *see also Drake v. Comm'r of Soc. Sec.*, No. 14-12662, 2016 WL 492704, at *1 (E.D. Mich. Feb. 9, 2016) ("[T]he EAJA Savings Provision requires an attorney receiving two fee awards to refund the

smaller award to his or her client.") (citation omitted).  The EAJA allows a maximum attorney fee of $125.00 per hour.  § 2412(d)(2)(A)(ii).

A motion for an award of EAJA fees is due within 30 days of final judgment in the action, must itemize "the actual time expended and the rate at which fees and other expenses were computed," and must "allege that the position of the United States was not substantially justified." § 2142(d)(1)(B); *see also Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).  The mere fact that the court finds an ALJ's decisions is not supported by substantial evidence does not mean the decision was not substantially justified.  *Gonzales v. Comm'r of Soc. Sec.*, No. 16-CV-14350, 2019 WL 2617048, at *2 (E.D. Mich. May 28, 2019), *adopted*, No. 16-14350, 2019 WL 2613098 (E.D. Mich. June 26, 2019) (citations omitted).  Substantial justification means "justified to a degree that could satisfy a reasonable person" and reasonable "in both fact and law."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Replying to the Commissioner's argument he should have applied for EAJA fees, petitioner notes that he had argued in his motion for summary judgment that "the ALJ failed to give proper weight to the opinions of the treating physicians and omitted relevant evidence of record to undermine the credibility of Plaintiff."  [ECF No. 24, PageID.680].  The Court agreed

3

with petitioner in its report and recommendation, finding that the "ALJ grossly misstated and under-represented the medical evidence" and violated the treating physician rule. [ECF No. 19, PageID.608-17]. District Judge Laurie J. Michelson adopted the recommendation to remand the case for further consideration. [ECF No. 20]. But now, petitioner claims that he did not move for EAJA fees because he could not in "good conscience" claim that the position of the United States was not substantially justified. [ECF No. 24, PageID. 680]. This claim cannot be credited given petitioner's specific allegations of error by the ALJ and the Court's agreement that the ALJ had grossly misrepresented the record.

Petitioner should not be awarded the full $5,750.00 requested. Under Section 406(b), attorneys may collect attorney's fees of up to 25% of past due benefits under contingency-fee agreements, but the amount must be tested for reasonableness. *Gisbrecht*, 535 U.S. at 808-09. There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). But here, petitioner's request for the full amount of fees under Section 406(b) is unreasonable. "The unreasonableness of the request lies in plaintiff's attorney's failure to request EAJA fees." *Iliceto v. Sec'y of Dep't of Health & Human Servs.*, of U.S., No. CV-83-2160, 1990 WL

4

186254, at *1 (E.D.N.Y. Nov. 14, 1990).  A remedy for this failure is to reduce the amount of fees awarded under Section 406(b) to equal the foregone EAJA fees.  *Szostek v. Berryhill*, No. CV 14-11531, 2017 WL 6943420, at *2 (E.D. Mich. Nov. 22, 2017), *adopted* No. 14-11531, 2018 WL 398443 (E.D. Mich. Jan. 12, 2018) (citation omitted).

Petitioner states in his motion for Section 406(b) attorney's fees that he spent 27.75 hours on this case in this Court, [ECF No. 22, PageID.599], which translates into an expected EAJA award of $3,468.75 (at $125.00 per hour).  That amount likely would have been refunded to Campanaro had petitioner timely moved for an EAJA award.  *Gisbrecht*, 535 U.S. at 796; *Drake*, 2016 WL 492704, at *1.  Thus, the Court recommends that petitioner's request for attorney's fees be granted, but that the $5,750.00 be reduced by $3,468.75, resulting in an award of $2,281.25.  The Court does not otherwise suggest that petitioner was ineffective or that the amount of Section 406(b) fees requested is unreasonable.

## III. CONCLUSION

For the above reasons, the Court **RECOMMENDS** that petitioner's motion for § 406(b) attorney's fees [ECF No. 22] be **GRANTED IN PART**, and that he be awarded $2,281.25.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: August 2, 2019

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 2, 2019.

> s/Karri Sandusky acting in the absence of
> MARLENA WILLIAMS
> Case Manager