UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA CAMPANARO,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 14-12876
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [26] TO GRANT IN PART
PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES [22]**

Melissa Campanaro's attorney, Matthew Taylor, filed a petition for attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), after Campanaro was awarded past-due benefits (ECF No. 22). The Court referred the motion to Magistrate Judge Elizabeth A. Stafford who issued a Report and Recommendation that Taylor's motion be granted in part, reducing the fee amount by $3,468.75—the amount Taylor could have been awarded under the Equal Access to Justice Act had he sought those fees. Taylor now objects on the ground that he did not have a good faith basis for seeking EAJA fees.

EAJA fees are awarded to the "prevailing party" unless "the court finds that the position of the United States was substantially justified." 28 U.S.C. §2412(d)(1)(A). EAJA fees can increase a successful claimant's portion of past-due benefits because the "claimant's attorney must refun[d] to the claimant" the smaller of the two fee awards (under EAJA and 42 U.S.C. § 406(b)). *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Otherwise, the attorney's fees are taken out of the claimant's award. *Minor v. Comm'r of Soc. Sec'y*, 826 F.3d 878, 881 (6th Cir. 2016). "If the

attorney could have received EAJA fees but failed to apply for them, it is unfair to make the plaintiff bear the burden of this error." *Iliceto v. Sec'y of Dep't of Health & Human Servs.*, No. CV-83-2160, 1990 WL 186254, at *1 (E.D.N.Y. Nov. 14, 1990).

While "[r]emand 'alone,' which occurs when the ALJ's decision was not 'supported by substantial evidence,' does not necessarily require an award of fees because the remand standard is not the equivalent of a finding that the government's position was not substantially justified," *Glenn v. Comm'r of Soc. Sec'y*, 763 F.3d 494, 498 (6th Cir. 2014) (quoting *Couch v. Sec'y of Health and Human Servs.*, 749 F.2d 359, 360 (6th Cir.1984)), it can hardly be said that Taylor did not have a "credible argument" to move for EAJA fees in this case, *see Iliceto*, 1990 WL 186254, at *1. The Magistrate Judge, in issuing a prior Report and Recommendation on the merits, which was later adopted by the Court, used strong language in finding that the ALJ disregarded and mischaracterized the record. (*See* ECF No. 19.) The Magistrate Judge found that the ALJ "grossly misstated and under-represented the medical evidence," "minimized" Campanaro's emergency room visits, and "played doctor" when evaluating medical evidence without an accompanying medical opinion. (*See id*.) Given the strong basis for remand, Taylor had a credible argument to move for EAJA fees. The Court sees no error in the Magistrate Judge's fee reduction.

So Taylor's objection is OVERRULED. The Court ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 26) GRANTING IN PART Taylor's application for attorney's fees (ECF No. 22). Taylor is awarded $2,281.25.

IT IS SO ORDERED.

                                                    s/Laurie J. Michelson
                                                    LAURIE J. MICHELSON
                                                    UNITED STATES DISTRICT JUDGE

Date: August 20, 2019

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 20, 2019.

                                  s/William Barkholz
                                  Case Manager to
                                  Honorable Laurie J. Michelson